MICHAEL MALK, ESQ., APC
Michael Malk, Esq., (State Bar No. 222366)
1180 South Beverly Drive, Suite 302
Los Angeles, California 90035
Telephone: (310) 203-0016
Facsimile:  (310) 499-5210
mm@malklawfirm.com

Attorneys for Plaintiff Kevin French
and all others similarly situated

UNITED STATED DISCRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
(UNLIMITED JURISDICTION)

| | |
|---|---|
| KEVIN FRENCH, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>CEC ENTERTAINMENT, INC., a Kansas Corporation, and Does 1 through 100, inclusive<br><br>        Defendants. | Case No.<br><br>**COLLECTIVE/CLASS ACTION COMPLAINT FOR:**<br><br>  **(1) FAILURE TO PAY OVERTIME WAGES [29 U.S.C. § 201 et seq.];**<br><br>  **(2) FAILURE TO PAY OVERTIME WAGES [Cal. Labor Code §§ 510, 1194; IWC Wage Order No. 5];**<br><br>  **(3) FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS [Cal. Labor Code §§ 226, 226.3];**<br><br>  **(4) FAILURE TO PAY WAGES DUE UPON SEPARATION OF EMPLOYMENT [Cal. Labor Code §§ 201-203];**<br><br>  **(5) FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES [Cal. Labor Code § 2802];**<br><br>  **(6) UNFAIR BUSINESS PRACTICES [Cal. Bus. & Prof. Code §§17200, et seq.]; AND**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kevin French, individually, (referred to herein as "Plaintiff"), as a class action and on behalf of all those similarly situated, on behalf of the California general public, by and through his counsel, bring this Complaint ("Complaint") against Defendants CEC Entertainment, Inc. and Does 1 through 100 (all Defendants shall collectively be referred to as "Defendants") on personal knowledge with respect to himself and his own acts, and on information and belief as to other matters, alleges as follows:

## I.     <u>JURISDICTION</u>

1.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 and 28 U.S.C. § 1337. Moreover, this Court has jurisdiction over this matter as it relates to diversity under 28 U.S.C. § 1332(a)(1) since Plaintiff is a citizen of the State of California while Defendants are a Corporation in the state of Kansas. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy between Plaintiff and Defendants.  In the alternative, this Court has jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, because the amount in controversy exceeds $5 million and at least one member of the putative class is a citizen of a state different from the Defendants.

## II.     <u>VENUE</u>

2.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) because Plaintiff worked at Defendants' locations in Contra Costa and San Mateo County.

///

## III.   **<u>INTRODUCTION</u>**

3.      Plaintiff brings claims individually and as part of a class action under C.C.P.

§ 182, and a collective action, under the FLSA, 29 U.S.C. §216(b) on behalf of Defendants'

current and former Technical Managers.

4.      The individual and collective action claims arise out of Defendants' failure to pay

overtime at a rate of one and one-half times the regular rate of pay for all overtime hours worked,

and attorneys' fees and costs under FLSA 29 U.S.C. §§ 207 and 216(b). These claims stem from

Defendants' failure to include non-discretionary bonus payments in the regular rate of pay when

calculating overtime. Plaintiff brings these claims on behalf of the "FLSA Class", defined as all

non-exempt managerial employees who worked for Defendants in the United States and worked

over 40 hours in at least one week of a year in which they received an annual non-discretionary

bonus from January 30, 2014 through the conclusion of this action (the 'FLSA Period').

However, this bonus must be included in the regular rate of pay per 29 CFR § 788.211(a).

Defendants' employees who earned this annual bonus and worked overtime in the same pay

period were not paid at the legally-required regular rate of pay, which should have included their

bonus as a component of their base hourly rate for the purposes of the overtime calculation in

violation of FLSA §§ 207 and 216(b).

5.      Plaintiff also brings claims individually and as a class action, on behalf of the

California Overtime Class, defined as all current and former employees who worked for

Defendants as Technical Managers and earned a non-discretionary bonus in a year in which they

also worked over 8 hours per day or 40 hours per week in at least one pay period, from January

30, 2013 through the conclusion of this action.

6.   Plaintiff also brings claims individually and  on behalf of all store-based employees who

were authorized to drive on behalf of Defendants in California from January 30, 2013 through the conclusion of this action (the 'Class Period').

7. The individual and class action claims are based on Defendants' failure to pay minimum and overtime wages; failure to issue accurate itemized wage statements; failure to pay wages due upon separation; failure to reimburse necessary business expenses; and unfair business practices under Labor Code §§ 201-203; 226; 226.3; 510; 1194, 1194.2, 2802; and California Business & Professions Code §§ 17200, et seq. Defendants' actions were willful and in violation of the FLSA and the California Labor Code.

## IV.    THE PARTIES

8. Plaintiff, who is a California resident, is a former non-exempt employee of Defendants. He worked as a Technical Manager for Defendants from May 2011 through September 2016. Plaintiff worked from May 2011 through May 2015 at the Chuck E. Cheese's located at 2541-43 El Camino Real, Redwood City, California. He transferred and worked at Defendants' location in Atlantic Terminal Mall, 139 Flatbush Avenue, Brooklyn, New York from May 2015 through April 2016, and from approximately May 9, 2016 through the conclusion of his employment, Plaintiff worked in Defendants' location at 1470 Fitzgerald Drive, Pinole, California.

9. Upon information and belief, CEC Entertainment, Inc. conducts business in 47 states, with its headquarters and principal place of business located at 1707 Market Place Boulevard, Suite 200, Irving, Texas 75063. Defendants employ Technical Managers in 47 states in over 556 restaurants, and during the FLSA and Class Periods, Defendants have been an "enterprise engaged in commerce" for the purpose of the FLSA.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under <u>Code of Civil Procedure</u> § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known. Defendant CEC Entertainment, Inc. and DOES 1-100 shall collectively be referred to as "Defendants."

11. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the proposed class.

## V. <u>FACTUAL ALLEGATIONS</u>

12. Plaintiff and other Technical Managers were and are non-exempt employees.

**A.** **<u>Facts Relevant to the Failure to Pay Overtime Using the Correct Regular Rate of Pay</u>**

13. Defendants, at all times relevant hereto, were and are an enterprise subject to the jurisdiction of the FLSA.

14. From January 30, 2014 through the present (the "FLSA Period"), Defendants employed hundreds of non-exempt Technical Managers who were paid hourly and whose job

duties included the maintenance and repair of Defendants' arcade games, lighting, plumbing, kitchen equipment, and point of sale system in 556 locations in the United States, approximately 80 of which are in California.

15.     Plaintiff and all other Technical Managers earned non-discretionary bonuses, typically on an annual basis, and the claims of the FLSA Class and the California Overtime Class (as defined herein) are based on Defendants' failure to include the non-discretionary bonuses in the regular rate of pay of its Technical Managers when calculating overtime.

16.     Defendants incorrectly paid Technical Managers at one-and-one-half times their *hourly* rate, instead of using the higher regular rate of pay, as described supra. This resulted in Defendants withholding overtime pay from their Technical Managers, including Plaintiff, (29 USC § 778.211(a), California Labor Code §§ 200, 510, 1194 and DSLE Enforcement Policies and Interpretations Manual §49), thus systematically depriving Plaintiff, FLSA Class, and the California Overtime Class of proper overtime compensation.

17.     On information and belief, neither Plaintiff nor any other Technical Manager were sent notice of the settlement in *Ford v. CEC Entertainment*, and were not included in that case.

**B.     Facts Relevant to Defendants' Failure to Issue Accurate Itemized Wage Statements**

18.     As a result of Defendants' failure to calculate and pay the regular rate of pay correctly regarding overtime for Plaintiff and all other Technical Managers, Defendants' wage statements issued to Plaintiff and the California Overtime Class were consistently inaccurate regarding the overtime pay rate, as well as wages earned.

///

///

C.      **Facts Relevant to Waiting Time Penalties**

19.      When Plaintiff and former members of the California Overtime Class received their final paychecks, they did not receive— and still have not received — all of the wages due to them. Specifically, Defendants failed to include all of the unpaid wages due for overtime owing to the bonuses not being considered in the regular rate of pay when calculating overtime.

D.      **Facts Relevant to Unreimbursed Business Expenses**

20.      Defendants required Plaintiff and the California Unpaid Expenses Class Members to take photographs of equipment and send those photographs using Plaintiff's and Class Members' cell phone service. As part of Plaintiff's and California Unpaid Expenses Class Members' job duties, Defendants required Plaintiff and Class Members to research and locate parts for store equipment without providing internet accessibility. As such, Plaintiff and the California Unpaid Expenses Class Members regularly used their personal cell phones and cell phone data service for work-related purposes and incurred expenses on behalf of Defendants without reimbursement.

21.      Defendants knew or should have known that Plaintiff and California Unpaid Expenses Class Members were incurring business-related expenses.

22.      Plaintiff and California Unpaid Expenses Class Members used their personal vehicles to drive to local businesses and Defendants' other locations to obtain parts to repair Defendants' equipment. Plaintiff and the California Unpaid Expenses Class Members also used their vehicles to trek to mandatory meetings and make daily bank deposits and change runs. As part of Defendants' policy, only managers were authorized to make daily bank deposits, and two managers were required to count the money and travel to the bank to perform the deposits. Moreover, Defendants did not train Plaintiff and the California Unpaid Expenses Class Members

to request reimbursement for mileage. Plaintiff typically drove approximately 100 to 250 miles per month in his personal vehicle on behalf of Defendants. Defendants failed to reimburse Plaintiff and California Unpaid Expenses Class Members for the mileage and wear and tear on their personal vehicles while driving on behalf of Defendants.

23. Defendants knew or should have known that Plaintiff and the California Unpaid Expenses Class Members incurred expenses in the form of mileage and wear and tear while traveling for meetings, to make daily bank deposits and change runs, and to obtain parts since Defendants required Plaintiff and the California Unpaid Expenses Class Members to fulfill these compulsory job duties, but did not provide transportation nor mileage reimbursement for these necessary business expenditures.

## VI.     <u>COLLECTIVE ACTION</u>

24. Plaintiff brings this action individually and as a collective action (commonly referred to as an "opt-in" class) pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b).

25. For purposes of the FLSA claims, the "FLSA Class" is defined as,

> **All non-exempt employees who worked for Defendants in the United States as Technical Managers and earned a non-discretionary bonus in a year in which they worked over 40 hours in at least one week, from January 30, 2014 through the conclusion of this action (the 'FLSA Period').**

26. Defendants willfully "suffered or permitted" Plaintiff and the FLSA Class to perform labor without payment of overtime compensation at a rate of no less than one and one half times their regular hourly rate for hours worked in excess of forty in a week as required by

federal law. Moreover, by virtue of Defendants employing a compensation system which included both an hourly and bonus component while employing employees in different states, yet failing to pay any of these employees overtime based on the bonuses in violation of 29 U.S.C. §207, Defendants knew their conduct was illegal, and showed reckless disregard for, the matter of whether its conduct was prohibited by the FLSA.

27.     Plaintiff represents current and former employees and acts on their behalf and interests as well as their own in bringing this action. These similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' personnel records. These similarly situated employees may readily be notified of this action, and allowed to opt-in pursuant to 19 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims.

## VII.     CALIFORNIA CLASS ACTION

28.     Plaintiff also brings a true class action (commonly referred to as an "opt-out" class) pursuant to Federal Rules of Civil Procedure Rule 23.

29.     The "California  Unpaid Expenses Class" definition below adds an additional year to the Class Period. It is defined as follows:

**All store-based employees who were authorized to drive on behalf of Defendants in California from January 30, 2013 through the conclusion of this action (the 'Class Period').**

30.     The "California Overtime Class" is defined as follows:

**All current and former employees who worked for Defendants as Technical Managers and earned a non-discretionary bonus in a year in which they also**

**worked over 8 hours per day or 40 hours per week in at least one pay period, from January 30, 2013 through the conclusion of this action.**

31.     Defendants, inter alia, willfully "suffered or permitted" Plaintiff and the California Overtime Class to perform labor without payment of overtime compensation at a rate of not less than 1.5 times their regular rate for hours worked in excess of forty in a week and/or eight hours in a day as required by California law, demonstrated a reckless disregard as to whether its conduct violated the California Labor Code.

32.     <u>Numerosity</u>.  The potential members of the California Overtime Class  and California Unpaid expenses Class as defined are so numerous that joinder of all the members of the class is impracticable. Although the precise number of such persons is unknown, upon information and belief Defendants has employed at least 100  individuals who satisfy the definition of the California Overtime Class and California Unpaid Expenses Class, and who have been denied overtime and reimbursement payments due to them because of Defendants' unlawful policies and practices.

33.     <u>Commonality</u>. There are questions of law and fact common to the California Overtime Class and the California Unpaid Expenses Class which predominate over any questions affecting only individual members of the Classes, including but not limited to:

      a)     Whether Plaintiff and the California Overtime Class were subject to, and not exempt from, the overtime requirements of California law;

      b)     Whether Defendants failed to include non-discretionary bonus payments in the regular rate of pay when calculating overtime for Plaintiff and the California Overtime Class;

c)      Whether Defendants provided Plaintiff and each member of the California Overtime Class with accurate itemized wage statements by Defendants as is required in Cal. Labor Code Section 226(a);

d)      Whether Defendants paid Plaintiff and each member of the California Overtime Class all wages due upon separation from employment from Defendants as is required in Cal. Labor Code Sections 201-203;

e)      Whether Defendants reimbursed Plaintiff and the California Unpaid Expenses Class Members for all of their reasonable and necessary business expenses incurred on behalf of Defendants;

f)      Whether the violations alleged in (b) through (e) constitute unfair business practices in violation of California's Unfair Competition Law, Section 17200, et seq. of the California Business and Professions Code; and

g)      Whether the Members of the Class sustained damages, and if so, the proper measure of such damages.

34.      <u>Typicality</u>. Plaintiff's claims are typical of the claims of the California Overtime Class and the California Unpaid Expenses Class  in that they were subjected to the same violations of California law and seek the same type of damages, restitution, and other relief on the same theories and legal grounds as the Classes he seeks to represent.

35.      <u>Adequacy of Representation</u>. Plaintiff will fairly and adequately represent and protect the interests of the California Overtime Class and California Unpaid Expenses Class. Plaintiff's attorneys are competent and experienced in litigating wage and hour class actions, like this one.

36.   <u>Predominance of Common Issues</u>. Class Certification is also appropriate under Fed.R.Civ.P. 23(b)(3) because questions of law and fact common to the California Overtime Class and California Unpaid Expenses Class predominate over any questions affecting only individual members of those classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## VIII.   <u>CAUSES OF ACTION</u>

### <u>FIRST CAUSE OF ACTION</u>

### COLLECTIVE ACTION CLAIM

### FAILURE TO PAY OVERTIME WAGES

### [29 U.S.C. §§ 207(a), 216(b)]

#### (On behalf of Plaintiff and the FLSA Class)

37.   Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

38.   Section 207(a) of the FLSA requires employers to pay covered non-exempt employees overtime pay amounting to 1.5 times their regular rate of pay for all hours worked in excess of 40 hours per week.

39.   Specifically, Section 207(a) provides, in pertinent part:  " … no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

40.     Throughout the FLSA Period, Plaintiff and the FLSA Class spent more than fifty percent of their time performing non-exempt work, did not directly supervise two or more of Defendants' employees simultaneously at all times, did not make fundamental decisions of policy for the Defendants and/or were otherwise not exempt from the overtime provisions of the FLSA.

41.     Throughout the FLSA Period, Plaintiff and the FLSA Class regularly worked in excess of forty hours per week, but were not paid overtime compensation as required by 29 U.S.C. § 207(a) at a rate of one and one-half times their regular rates of pay.

42.     Defendants paid overtime to Plaintiff and the FLSA Class at 1.5 times the employee's hourly wage. However, in so doing, Defendants failed to include bonus payments when calculating the regular rate for overtime payment purposes, thus systematically depriving Plaintiff and the FLSA Class of proper overtime compensation.

43.     Section 216(b) of the FLSA creates a private right of action for violations of Section 207, and provides, in pertinent part: "Any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee or employees affected in the amount of their… unpaid overtime compensation, and in an additional equal amount as liquidated damages."

44.     Pursuant to 29 U.S.C. §207(a) and 216 of the FLSA, Plaintiff and the FLSA Class are entitled to recover in this action the unpaid balance of the overtime compensation due to them at the rate of 1.5 times their regular rates of pay, plus an equal amount as liquidated damages and reasonable attorney fees and costs of the suit.

///

///

///

///

///

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**[Cal. Labor Code §§ 510, 1194; IWC Wage Order No 5]**

**(On behalf of Plaintiff and the California Overtime Class)**

45.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

46.     At all times relevant hereto, Plaintiff and the California Overtime Class Members were non-exempt for the purposes of the overtime pay requirements set forth in the California Labor Code and the applicable IWC Wage Order.

47.     IWC Wage Order No. 5, which states, in relevant part:

Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise. IWC Wage Order 5 § 4(B).

48.     Section 1194 of the Labor Code provides, in relevant part:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ... applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ... including interest thereon, reasonable attorney's fees, and costs of suit.

49.     Section 1194.2 of the Labor Code provides, in relevant part:

In any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

50.     Section 510 of the Labor Code provides:

". . . Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee and any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. . ."

51.     Section 3(a)(1) of the applicable IWC Wage Order also mandates that employers pay one and one-half times the employees' regular rate of pay for employees who work more than eight hours in a day or forty hours in a week, and two times their regular rate of pay for any work in excess of 12 hours in one day.

52.     Section 49.1.2 of the DLSE Manual states: "In not defining the term 'regular rate of pay,' the Industrial Welfare Commission has manifested its intent to adopt the definition of 'regular rate of pay' set out in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sec. 207(e): 'the regular rate of pay at which an employee is employed shall be deemed to include *all* remuneration for employment paid to ... the employee.' The DLSE Manual continues: "In determining what payments are to be included in or excluded from the calculation of the regular rate of pay, California law adheres to the standards adopted by the U.S. Department of Labor to the extent those standards are consistent with California law."  The DOL has interpreted Sec.

207(e) to include commissions and production bonuses in determining the regular rate of pay. *See*, 29 CFR 778.110 and 778.117[1] (*see, also*, <u>DLSE Enforcement Policies and Interpretations Manual</u>, rev. 2009, 49.1.2.1 and 49.2.1.2). Commissions and bonuses must be included in the regular rate whether they are the sole source of the employee's compensation or are in addition to a guaranteed salary or hourly rate. <u>Id</u>.; 29 CFR §§ 778.117, 778.208; *Oliver v. Mercy Med. Ctr., Inc.* (9th Cir. 1982) 695 F.2d 379; DLSE Opinion Letter Nos. 1988.06.02, 2002.0614.

53. By separating the bonus pay from the hourly rate when calculating the regular rate of pay, Defendants have not reached the correct "time and a half" calculations in calculating overtime pay. The California Labor Code requires that when calculating the hourly overtime rate, bonus pay is to be divided by the number of hours worked, thereby raising the regular hourly rate for purposes of calculating "time and a half" compensation.

54. As such, Defendants systematically deprived Plaintiff and the California Overtime Class of proper overtime compensation.

55. By failing to correctly pay overtime compensation due to Plaintiff and the California Overtime Class, Defendants willfully and knowingly violated the provisions of California law, including the Labor Code and the applicable IWC Wage Order, which require overtime compensation to include commissions and/or bonuses.

---

[1] "Bonuses (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours worked and must be included in the regular rate. This is true regardless of whether the bonus is the sole source of the employee's compensation or is paid in addition to a guaranteed salary or hourly rate, or on some other basis, and regardless of the method, frequency, or regularity of computing, allocating and paying the bonus."

56.     As a result of Defendants' policy and practice of excluding bonus pay from overtime compensation, Plaintiff and members of the California Overtime Class have been damaged.

57.     Under Section 1194 of the Labor Code, an employee receiving less than the legal overtime compensation applicable to the employee is "authorized to bring suit for the unpaid balance of the full amount of the overtime compensation owed to him, including interest, reasonable attorney's fees, and costs of the suit."

58.     Accordingly, pursuant to Labor Code Section 1194, Plaintiff seeks to recover unpaid overtime compensation for himself, and other California Overtime Class Members in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS

**[Cal. Labor Code §§ 226, 226.3]**

**(On behalf of Plaintiff and the California Overtime Class)**

59.     Plaintiff re-alleges the information set forth in all preceding paragraphs, as though fully set forth and alleged herein.

60.     California Labor Code § 226(a) requires that employers, when paying their non-exempt employees' wages, include an "itemized statement in writing showing" the "total hours worked by the employee," and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate."

61.     Cal. Labor Code § 226(2)(B) states in relevant part:

> An employee is deemed to suffer injury for purposes of this subdivision
> if the employer fails to provide accurate and complete information as

required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement.

62.     Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure to comply with 226(a) is entitled to recover $50 for initial pay period in which a violation of Section 226 occurs and $100 for each subsequent pay period, not to exceed $4,000, as well as an award of costs and reasonable attorney's fees.

63.     During the Class Period, Defendants failed to comply with § 226(a) of the California Labor Code by failing to include information on the itemized wage statements, including, but not limited to failing to pay all overtime owed by virtue of Defendants excluding non-discretionary bonuses from the regular rate of pay.

64.     Defendants' failure to comply with § 226(a)(1) was knowing and intentional.

65.     Defendants' failure to provide Plaintiff and the California Overtime Class Members with accurate itemized wage statements during the Class Period has caused them to incur economic damages in that overtime rates listed on their itemized wage statements are incorrect, as are amounts listed as wages earned.

66.     As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and members of the California Overtime Class in violation of Labor Code   § 226(a), Plaintiff and the California Overtime Class Members,  are each entitled to recover an

initial penalty of $50, and subsequent penalties of $100 for each violation commencing on

January 30, 2016 and afterwards, up to an amount not exceeding an aggregate penalty of $4000

per Plaintiff and per every member of the California Overtime Class from Defendants pursuant to §

226(e) of the Labor Code, costs and reasonable attorney's fees.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT

**[Cal. Labor Code §§ 201-203]**

**(On behalf of Plaintiff and the California Overtime Class)**

67.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

68.     Sections 201 and 202 of the California Labor Code require Defendants to pay all compensation due and owing to former employees at or around the time of the employment separation.

69.     Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201-202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

70.     Throughout the Class Period, Defendants willfully failed to compensate Plaintiff and the California Overtime Class Members who are no longer employed by Defendants all wages owed. In addition, the final paychecks which Defendants issued to Plaintiff and the California Overtime Class Members who are former employees did not compensate them for all wages earned, including unpaid overtime. Moreover, Defendants have yet to compensate

Plaintiff and the formerly employed California Overtime Class Members for these earned, but unpaid, wages.

71.     As a result, Defendants are now liable to Plaintiff and the other members of the California Overtime Class  whose employment with Defendants have ended since January 30, 2013 for penalties pursuant to California Labor Code § 203 in the maximum amount of thirty days wages for each California Overtime Class  Member who is no longer employed by Defendants.

## FIFTH CAUSE OF ACTION

### FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES

### [Cal. Labor Code § 2802];

### (On behalf of Plaintiff and the California Unpaid Expenses Class)

72.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

73.     Labor Code § 2802 requires employers to indemnify employees for all necessary expenditures incurred by employees in the discharge of their duties.

74.     At all relevant times herein, Defendants were aware that Plaintiff and the California Unpaid Expenses Class Members were using their personal vehicles for business-related travel, but failed to indemnify them for all of their business-related expenses including wear and tear expenses incurred therein in accordance with Labor Code  § 2802. Further, Plaintiff and the California Unpaid Expenses Class Members were not compensated for the use of their personal cellphones and cellphone service which they were required to use for their job duties. Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, Defendant maintained a practice of not reimbursing employees for

all mileage expenses they incurred driving their own vehicles for work related purposes, and for the use of their cellphones and cellphone service.

75.     As a result of Defendants' conduct, Plaintiff and the California Unpaid Expenses Class Members suffered damages in an amount, subject to proof, to the extent they were not reimbursed for all the their business related expenses incurred in the discharge of their duties.

76.     Pursuant to Labor Code § 2802, Plaintiff and the California Unpaid Expenses Class Members are entitled to recover the full amount of their unreimbursed business expenses.

### SIXTH CAUSE OF ACTION

**UNFAIR/UNLAWFUL BUSINESS PRACTICES**

**[Cal. Bus. & Prof. Code §§ 17200-17208]**

**(On behalf of Plaintiff, the California Overtime Class,**

**and the California Unpaid Expenses Class)**

77.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

78.     Section 17200 of the California Business & Professions Code prohibits any unlawful, unfair, or fraudulent business practices.

79.     Cal. Labor Code section 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

80.     Through its actions alleged herein, Defendants have engaged in unfair competition within the meaning of Cal. Bus. & Prof. Code, § 17200, because Defendants' conduct has violated state wage and hour laws as herein described.  Indeed, Defendants' conduct as herein alleged has damaged Plaintiff and the California Overtime Class Members by wrongfully denying them proper overtime pay and accurate wage statements, and therefore was substantially injurious to Plaintiff and the Overtime Class Members. Furthermore, Defendants have harmed Plaintiff and the California Unpaid Expenses Class Members in that they were not reimbursed for their necessary business expenses incurred on behalf of Defendants.

81.     Under Section 17208 of the California Business and Professions Code, the statute of limitations for a claim under Section 17200 is four years. Accordingly, the actionable Class Period for this cause of action is January 30, 2013 through the conclusion of this action (i.e., the "Class Period").

82.     Beginning at a date unknown to Plaintiff, but at least as early as January 30, 2013, Defendants committed, and continues to commit, acts of unfair competition, as defined in § 17200, et seq. of the California Business and Professions Code by, among other things, engaging in the acts and practices described above.

83.     Defendants engaged in unfair competition in violation of Cal. Bus & Prof. Code, § 17200, et seq. by violating, inter alia, each of the following:

a.      Second Cause of Action as stated above;

b.      Fourth Cause of Action as stated above; and

c.      Fifth Cause of Action as stated above;

84.     Defendants' course of conduct, act and practice in violation of the California laws mentioned in each paragraph above constitute separate and independent violations of 17200, et seq. of the California Business and Professions Code.

85.     Plaintiff, California Overtime Class Members, and California Unpaid Expenses Class Members have suffered harm in being wrongfully denied overtime pay and payment of wages upon separation of employment, as well as being denied expense reimbursement and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of California Business and Professions Code § 17200.

86.     The unlawful, unfair and fraudulent business practices and acts of Defendants, as described above, have injured Plaintiff, the California Overtime Class Members, and the California Unpaid Expenses Class Members in that they were wrongfully denied overtime wages earned, reimbursement of expenses, and waiting time penalties.

87.     Defendants' failure to pay Plaintiff and the California Overtime Class Members for the legally required proper overtime wages and failure to reimburse Plaintiff and the California Unpaid Expenses Class Members for necessary business expenses constitute unlawful acts prohibited by the California Unfair Practices Act, Business & Professions Code 17200, et seq.

88.     As a result of these unlawful acts, Defendants have reaped unfair benefits and illegal profits, at the expense of Plaintiff , California  Overtime Class Members, and California Unpaid Expenses Class Members. Defendants must make restitution and/or be subject to other equitable relief pursuant to California Business & Professions Code §17203. All such remedies are cumulative of relief available under other laws, pursuant to California Business & Professions Code § 17200, et seq., including §17205.

## IX.     **DEMAND FOR JURY TRIAL**

89.     Plaintiff hereby demands trial by jury on his individual, collective, and class-wide claims stated herein against Defendants.

## X.     **PRAYER FOR RELIEF**

90.     Wherefore, Plaintiff, on behalf of himself, the FLSA Class, the members of the California Overtime Class, and the members of the California Unpaid Expenses Class pray for judgment against Defendants as follows:

An Order than this action may proceed and be maintained as a collective action on behalf of the FLSA Class, and as a class action on behalf of the California Overtime Class and California Unpaid Expenses Class:

**A.**     **COLLECTIVE ACTION CLAIM:**

91.     On the First Cause of Action for failure to pay overtime wages:

a)     Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to the FLSA Class;

b)     A declaratory judgment that Defendants have violated the overtime wages provision of the FLSA, 29 U.S.C. §207, as to Plaintiff and similarly situated persons who opt into this action;

c)     A declaratory judgment that Defendants' violations of the FLSA were willful;

d)      An award to Plaintiff and other similarly situated persons who opt into this action of damages in the amount of unpaid compensation to be proven at trial, pursuant to the FLSA;

e)      An award to Plaintiff and other similarly situated persons who opt into this action of liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. §216(b); or, if liquidated damages are not awarded, then in the alternative, prejudgment interest;

f)      An award to Plaintiff and other similarly situated persons who opt into this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §216(b); and

g)      An award of such other and further relief as this Court may deem appropriate.

**B.**    **<u>CALIFORNIA CLASS ACTION CLAIMS</u>**

92.    Certification of the California state law claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of the proposed California Overtime Class and California Unpaid Expenses Class;

93.    Class notice, pursuant to Fed. R. Civ. P. 23(c)(2), to all California Unpaid Expenses Class Members;

94.    Class notice, pursuant to Fed. R. Civ. P. 23(c)(2), to all California Overtime Class Members;

95.    On the Second Cause of Action for failure to pay overtime wages:

a)      A declaratory judgment that Defendants have violated the wage provisions of the California Labor Code Section 1194 and Section 4 of the IWC Wage Order No.5 as to Plaintiff and the California Overtime Class Members for Defendants' failure to pay overtime wages;

b)      A declaratory judgment that Defendants have violated the overtime provisions of the California Labor Code Section 510 and Section 3 of the IWC Wage Order No.5 as to Plaintiff and the California Overtime Class for failing to include bonuses in the regular rate of pay, resulting in Defendant paying a lower rate of overtime; and

c)      An award to Plaintiff and the California Overtime Class, in the amount of unpaid overtime compensation plus liquidated damages in an additional amount equal to the unpaid wages to be proven at trial, plus interest, and reasonable attorneys' fees, pursuant to California Labor Code 510 and 1194;

96.      On the Third Cause of Action for failure to issue accurate itemized wage statements:

a)      A declaratory judgment that Defendants violated Labor Code §§ 226 and 226.3 by issuing inaccurate weekly wage statements to Plaintiff and the California Overtime Class, in that, as set forth above, the paystubs contained inaccurate information about the hours worked and overtime wages earned, and the total wages earned during the Class Period; and

b)      An award to Plaintiff and the California Overtime Class, of $50 for each initial pay period during the Class Period in which a violation of § 226

occurred and $100 for each subsequent pay period in which a violation of § 226 occurred, not to exceed $4,000 per person, as well as an award of costs and reasonable attorneys' fees.

97. On the Fourth Cause of Action for failure to pay wages due upon at separation of employment:

    a)     A declaratory judgment that, as to Plaintiff and the California Overtime Class Members, who are former employees, Defendants violated California Labor Code §§ 201-203 for willful failure to pay compensation at the time of termination of employment, resulting in unpaid waiting time penalties;

    b)     An award to Plaintiff and the California Overtime Class, whose employment with Defendants ended on or after January 30, 2013, of payments due to them as waiting time penalties in the amount of 30 days wages pursuant to California Labor Code § 203 and reasonable attorneys' fees; and

    c)     An award to Plaintiff of reasonable attorneys' fees and costs.

98. On the Fifth Cause of Action for failure to reimburse necessary business expenses:

    a)     A declaratory judgment that Defendants have violated Cal. Labor Code § 2802; and

    b)     An award to Plaintiff and the California Unpaid Expenses Class in the amount of Plaintiff's and Class Members' out of pocket expenses and/or

reimbursement of monies incurred while performing Defendants' business-related duties plus interest; and

c)      An award to Plaintiff of reasonable attorneys' fees and costs.

99.      On the Sixth Cause of Action for unfair business practices:

a)      A declaratory judgment that Defendants violated California Business & Professions Code §§ 17200-17208 by failing to pay the California Overtime Class all wages owed and failing to pay all wages owed at separation of employment; and failure to reimburse all necessary business expenses the California Unpaid Expenses Class;

b)      An order requiring Defendants to pay restitution of all amounts owed to Plaintiff and the California Overtime Class for Defendants' failure to pay legally required overtime compensation and waiting time penalties in an amount according to proof, pursuant to California Business & Professions Code §17203;

c)      An order requiring Defendants to pay restitution of all amounts owed to Plaintiff and the California Unpaid Expenses Class for Defendants' failure reimburse all necessary business expenses in an amount according to proof, pursuant to California Business & Professions Code §17203and

d)      An award to Plaintiff, the California Unpaid Expenses Class and California Overtime Class Members of reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code § 1021.5, California Labor Code §§ 226, 29 U.S.C. 216(b) and/or other applicable law;

e)      Pursuant to Cal. Labor Code Section § 218.6, an award of all accrued interest from the date the wages were due and payable to the California Overtime Class at the legal interest rate; and

100.    An award of such other and further relief as this Court may deem appropriate.

Dated: January 30, 2017            Respectfully submitted,
                                  MICHAEL MALK, ESQ. APC

                            By:_____
                               Michael Malk
                               Attorneys for Plaintiff and the Class